UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VANGUARD HIGH SCHOOL GAY-
STRAIGHT ALLIANCE, an unincorporated
Association; S.K., a minor by and through
Parents J.K. and R.K.; D.L. a minor by and
through parent A.A.,

Plaintiffs,

v.  Case No. 5:12-cv-268-OC-34TBS

JIM YANCEY, in his official capacity as
Superintendent of the School District of
Marion County, Florida; SCHOOL BOARD
FOR MARION COUNTY, FLORIDA,

Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Defendant Jim Yancey and Defendant School Board of Marion County, by and through their undersigned counsel, respond to Plaintiffs' Motion for Preliminary Injunction as follows:

Defendants were served process in this case on May 31, 2012 (as shown by respective Returns of Service (Doc. No. 7-1 and Doc No. 7-2). Although neither Defendant had yet filed a responsive pleading to Plaintiffs' Complaint, on the next day, June 1, 2012, Plaintiffs served a Motion for Preliminary Injunction (Doc. No. 4).

As indicated in Section IV, B. of Plaintiffs' Motion, school at Vanguard High does not resume until August 20, 2012. On Friday, June 8, 2012, the undersigned contacted Plaintiffs' counsel by telephone and conceded the correctness of Plaintiffs'

1

position in both its initial pleading and its Motion for Preliminary Injunction. The undersigned further stated that the Defendants would enter into a consent order granting a permanent injunction using the language stated in the preliminary injunction granted by this Court in *Gay-Straight Alliance of Yulee High School, et al. v. School Board of Nassau County,* 602 F.Supp.2d 1233, 1238 (M.D. Fla. 2009). Counsel asked only that added to the injunction would be a statement that parental permission would be required in order for a student to join the club (a requirement for all extracurricular clubs at Vanguard High School) and that the following language, lifted verbatim from *Gonzalez v. School Board of Okeechobee County,* 571 F.Supp.2d 1257, 1268 (S.D. Fla. 2008), be added: "[The School Board] may ensure that the GSA adheres to its by-laws by avoiding topics of sexual education reserved for instruction by qualified teachers in a classroom environment...."

Defendants now state to the Court, as they have through counsel stated to Plaintiffs' counsel, that regardless of the status of this case at the beginning of the 2012-2013 school year, and irrespective of whether or not an injunction has been issued, the Vanguard High School GSA will be permitted to function at Vanguard High School in accordance with the above provisions. Defendants, through counsel have also stated their agreement that Plaintiffs are entitled to prevailing party status in this case.

While Defendants do not dispute Plaintiffs' entitlement to the relief they seek, Defendants would ask the Court, for purposes of taxing costs, to determine whether a lengthy Motion for Preliminary Injunction, filed one day after service of process and more that 80 days before commencement of the school year in August, was necessary.

Plaintiffs could not and will not suffer any harm, irreparable or otherwise, during the time school is out for the summer. Defendants have repeatedly, through counsel, expressed to Plaintiffs' counsel that they are prepared to immediately stipulate to a consent order granting a permanent injunction as outlined above, but Plaintiffs' have thus far declined to do so.

Having conceded on June 8, 2012, all of the relief sought by Plaintiffs in their Complaint and Motion for Preliminary Injunction, Defendants would further ask that the Court not tax attorney's fees to Defendants after that date or, if such an award is deemed appropriate, that it be minimal.

Dated: June 14, 2012

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed this date the foregoing with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to all persons registered for this case, including any opposing counsel that have appeared.

**Respectfully submitted,**

s/William C. Haldin Jr.
**William C. Haldin Jr.**
Florida Bar No. 288578
William C. Haldin, Jr., P.A.
520 East Fort King Street, Suite B-2
Ocala, Florida 34471
Telephone: (352) 512-0100
Fax: (352) 840-5955
E-mail: WCH.atty@hotmail.com
*Co-Counsel for Marion County*
*Superintendent of Schools and for*
*Marion County School Board*

**Gary L. Sanders**
Florida Bar No. 0724815
Bice Cole Law Firm, PL
1333 S.E. 25th Loop, Suite 101
Ocala, Florida 34471
Telephone: (352) 732-2255
Fax: (352) 351-0166
E-mail: sanders@bicecolelaw.com
*Co-Counsel for Marion County*
*Superintendent of Schools and for*
*Marion County School Board*

Photocopy by U.S. Mail to: Hon. Marcia Morales Howard
300 North Hogan Street
Jacksonville, FL 32202