UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VANGUARD HIGH SCHOOL GAY-
STRAIGHT ALLIANCE, an
unincorporated association, S. K., a
minor by and through parents J.K. and
R.K., and D.L., a minor by and
through parent A.A.,

    Plaintiffs,

v.

JIM YANCEY, in his official capacity
as Superintendent of the School
District of Marion County, Florida,
and SCHOOL BOARD FOR
MARION COUNTY, FLORIDA,

    Defendants.

No. 5:12-cv-268
MMH-TBS

_____/

## CONSENT DECREE & ORDER

On May 24, 2012, two students at Vanguard High School ("Vanguard High") in Marion County—Plaintiff S. K., a minor by and through parents J.K. and R.K., and Plaintiff D.L., a minor by and through parent A.A.—and the Vanguard High School Gay-Straight Alliance ("Vanguard GSA"), an unincorporated association, (collectively "GSA Plaintiffs") pursuant to 42 U.S.C. § 1983 sued JIM YANCEY, in his official capacity as Superintendent of the School District of Marion County, Florida ("Yancey" or "Superintendent"), and SCHOOL BOARD

FOR MARION COUNTY, FLORIDA ("School Board"). The GSA Plaintiffs wanted to start a Gay-Straight Alliance ("GSA") student club at Vanguard High. However, the Defendants refused to recognize the Vanguard GSA as an official student club at the school or grant the association access to the forum for noncurricular student clubs and the ability to operate the Vanguard GSA at Vanguard High with all attendant benefits afforded any of its noncurricular student clubs. The GSA Plaintiffs asserted the Defendants' refusal violated their legal rights afforded to them pursuant to federal Equal Access Act, 20 U.S.C. §§ 4071, *et seq.*, as well as the First and Fourteenth Amendments to the United States Constitution. On June 1, 2012, the GSA Plaintiffs filed a motion for preliminary injunction (DE 4) in which they sought preliminary relief. [mmH]

The Parties now wish to avoid further costly and protracted disputes and have agreed voluntarily, as indicated by the signatures below, to resolve the Plaintiffs' claims by entering into this Consent Decree and Order (hereinafter "Order").

## Background

Pursuant to Rule 65(d)(1)(A), Federal Rules of Civil Procedure, the Parties stipulate to the facts and the law set forth in Plaintiffs' Complaint (DE 1) and the Motion for Preliminary Injunction (DE 4). The Parties, having carefully considered the issues of affirmative injunctive relief, costs and attorneys' fees sought by the Plaintiffs, and in an effort to avoid the burden, costs and inherent risks of further litigation, agree that it is in the best interests of the Parties and the public interest to settle this action without further litigation.

## Court Action

The Court has reviewed the Complaint (DE 1), the GSA Plaintiffs' Motion for Preliminary Injunction (DE 4), and the terms of the Parties' agreement and factual stipulation set out in this Order, which the parties together reached after arms-length negotiations. Concluding that the agreement and the relief granted in this Order is appropriate under the circumstances presented and the entry of this Order comports with the federal law and the United States Constitution, the Court therefore

**ORDERS, ADJUDGES, and DECREES** as follows:

1. **Judgment.** The Clerk shall enter Judgment in favor of the Plaintiffs and against the Defendants. Defendants shall pay Plaintiff D.L. damages in the amount of $1.00. Defendants shall pay Plaintiff S.K. damages in the amount of $1.00. Defendants shall pay Plaintiff Vanguard High School Gay-Straight Alliance damages in the amount of $1.00.

2. **Permanent Injunction.** The Defendants are permanently enjoined from failing to grant the Vanguard GSA (a) access to the forum for noncurricular student clubs, (b) official recognition as a student club, and (c) the ability to operate the Vanguard GSA at Vanguard High with all attendant rights, privileges, and benefits afforded any of its noncurricular student clubs. To the extent and under the same conditions Defendants require of each noncurricular student club at Vanguard High, the Defendants may require that the Vanguard GSA's members have parental consent to join the club.

3. **No Retaliation.** The Defendants shall not take any retaliatory action against Plaintiffs for bringing this lawsuit, any student for their involvement with the Vanguard GSA, or the Vanguard GSA's faculty advisor for fulfilling that role. The Defendants shall not discourage or threaten a qualified candidate from serving as the Vanguard GSA's faculty advisor.

## Attorneys' Fees, Costs, and Litigation Expenses

4. **Prevailing Party & Liability.** Pursuant to (a) 42 U.S.C. §1988 and (b) Rule 54, Federal Rules of Civil Procedure, the Plaintiffs are the prevailing parties on all claims. The Plaintiffs are entitled to reasonable attorneys' fees, costs and expenses. The Defendants are liable for and shall pay the Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses in accordance with applicable law and rules. However, the Defendants may challenge any and all aspects other than the liability of Plaintiffs' application for fees, costs and expenses pursuant to Rule 4.18 Local Rules of the Middle District of Florida.

5. **Resolution of Amount of Attorney Fees and Litigation Costs.** The Parties shall endeavor in good faith to resolve the current ancillary dispute over the amount of reasonable attorneys' fees and expenses. Within twenty-eight (28) days of the entry of this Order, Plaintiffs' counsel shall provide a copy of all applicable attorney time records (which may be redacted of the names of minors and attorney work-product) and litigation expenses to the Defendants. No later than fifty-six (56) days after the entry of this Order, if the Parties are unable to reach an accord on amount of the Plaintiffs' reasonable attorneys' fees and litigation expenses expending in this matter, the Plaintiffs may move the Court to determine the amount pursuant to Rule 4.18, Local Rules of the Middle District of Florida.

6. **Taxable Costs.** Within fourteen (14) days of the Court's entry of this Order, Plaintiffs' counsel may file a sworn Bill of Costs (AO 133) with a memorandum of costs outlining the expenses with receipts in compliance with by Rule 54(d)(1), Federal Rules of Civil Procedure, and Rule 4.18, Local Rules of the Middle District of Florida. ~~Within fourteen (14) days filing the Bill of Costs, the clerk shall notify the parties of the clerk's intent to tax costs and then tax the appropriate costs at the soonest available opportunity.~~ (mmH) The Defendants may challenge the assessment of costs by filing a motion pursuant to Rule 54(d)(1). The Plaintiffs may respond to the motion within seven (7) days of its service.

7. **Extension of Time.** The aforementioned time frames for attempting to settle Plaintiffs' attorneys' fees, costs and expenses may be extended by ~~the~~ Order of the Court upon the filing of a motion or ~~filing with the Court~~ (mmH) of a Joint Stipulation of Enlargement.

### Enforcement

8. If a Plaintiff believes that a Defendant has not complied with this Order, the Plaintiff shall notify the Vanguard High principal and Plaintiffs' counsel of the alleged noncomplying conduct before bringing the issue to the Court. The Plaintiffs' counsel shall permit the Superintendent and principal an opportunity to investigate and remediate any violation. On the Plaintiffs' counsel's request, the Superintendent shall provide additional, relevant information reasonably necessary

for the Plaintiffs' counsel to assess the appropriateness of the principal's or Superintendent's response.

9. If the Defendants contend that the Vanguard GSA has failed to comply with the rules generally applicable and actually applied to each noncurricular student club at Vanguard High, the Defendants shall notify the Vanguard GSA and Plaintiffs' counsel. The Defendants shall grant the Vanguard GSA a reasonable opportunity to cure any non-compliance before withdrawing any of the benefits afforded to the Vanguard GSA.

## Other Orders

10. **Publish Order.** The Defendants shall provide a copy of this Order to all current administrators and faculty at Vanguard High no later than August 20, 2012.

11. **Intended Beneficiaries.** This Order is designed to ensure that the Defendants' practices and policies do not violate, either currently or in the future, the rights afforded to Vanguard High students pursuant to the Equal Access Act and the First Amendment of the U.S. Constitution. The rights afforded by this Order shall extend to and may be enforced by each Vanguard High student, present and future.

12. **Retained Jurisdiction.** This Court retains jurisdiction of this case to enforce the terms of this Order.

SO ORDERED, this 14th day of August, 2012

*Marcia Morales Howard*

HON. MARCIA MORALES HOWARD
U.S. District Judge

By their signatures on this and the following pages, the undersigned parties agree to, and request the entry of, this Order:

**PLAINTIFF D.L**                                **PLAINTIFF S.K.**

_____*DL*_____                    _____*SK.*_____

**PLAINTIFF VANGUARD GSA**

_____*DL*_____

by D.L., President

**DEFENDANT SCHOOL BOARD FOR MARION COUNTY, FLORIDA**

by _*Judi Zanetti*_
School Board Chairperson

JUN 2 6 2012

**DEFENDANT JIM YANCEY, in his official capacity as Superintendent of the School District of Marion County, Florida**

by *Jim Yancey*

**Approved as to Form:**

s/ Benjamin James Stevenson
**Benjamin James Stevenson**
Fla. Bar. No. 598909
ACLU Found. of Fla.
Post Office Box 12723
Pensacola, FL 32591-2723
T. 786.363.2738
F. 786.363.1985
bstevenson@aclufl.org

**Randall C. Marshall**
Fla. Bar No.: 181765
ACLU Found. of Fla.
4500 Biscayne Blvd., Ste. 340
Miami, FL 33137
T. 786.363.2700
F. 786.363.1108
RMarshall@aclufl.org

*Counsel for Plaintiffs*

s/William C. Haldin Jr.
**William C. Haldin Jr.**
Florida Bar No. 288578
520 E. Fort King St., Ste. B-2
Ocala, FL 34471
Telephone: (352) 512-0100
Fax: (352) 840-5955
WCH.atty@hotmail.com

**Gary L. Sanders**
Florida Bar No. 0724815
Bice Cole Law Firm, PL
1333 S.E. 25th Loop, Suite 101
Ocala, Florida 34471
Telephone: (352) 732-2255
Fax: (352) 351-0166
E-mail: sanders@bicecolelaw.com

*Counsel for Defendants*